ALBERT JACKSON V. STATE OF NEBRASKA.

FILED DECEMBER 4, 1920. No. 21532.

Homicide: SUFFICIENCY OF EVIDENCE. Evidence *held* sufficient to sustain a conviction for murder in the first degree under instructions free from error.

ERROR to the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Frank O'Connor* and *Richard S. Horton,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *J. B. Barnes,* contra.

ROSE, J.

In the district court for Douglas county Albert Jackson, defendant, was convicted of murder in the first degree, and for that felony was sentenced to the penitentiary for life. As plaintiff in error he has presented for review the record of his conviction.

Defendant admitted that he shot and killed Roy Teeter, the victim of the homicide, on an approach to the Locust street viaduct in Omaha on the afternoon of May 10, 1919, but he urges self-defense as a justification, and insists that there is no evidence of murder either in the first or in the second degree, and that the court erred in giving instructions which permitted the jury to find him guilty of homicide in a higher degree than manslaughter. In other words, defendant contends that evidence of deliberation, premeditation and malice is wanting, and that he acted "without malice" and "upon a sudden quarrel," if not in self-defense. The position thus taken is untenable, when the evidence and the instructions are impartially considered.

The tragedy occurred on a public street in daylight. Eyewitnesses testified to the following facts: Defendant was city dog-catcher. While he and William Hockley, both armed, were in an automobile driven by the latter around a short, right curve, up grade, on an approach to the viaduct mentioned, they ran into a two-horse team attached to a wagon occupied by Joseph McCool and Bert Mitchell, who were going down grade in the opposite direction along the other side of the curve. As a result of the collision the wagon tongue was broken and the harness was injured. Beginning with McCool, whose property had been damaged without fault on his part, there was an exchange of harsh words between him and defendant. Both dismounted, and while McCool, a man about 60 years' old, was at the heads of his horses, he was violently struck on the head by defendant. During the assault on McCool defendant had a gun in one hand. At this point Roy Teeter, a young man who was unarmed, but who happened to be near, walked up to defendant, reproached him for striking an old man, and knocked him down with a blow from a naked fist. Here Hockley, who had driven the automobile occupied by him and defendant into McCool's team, interfered, and, using a revolver as a weapon, forced Teeter back a distance estimated by one witness at 15 feet and by another witness at about 40 feet. In the meantime

defendant got onto his feet, and, disregarding an admonition by Hockley, shot Teeter though the heart, while, with lifted empty hands, Teeter was imploring defendant not to shoot. There is abundant evidence of these facts. The jury were justified in finding beyond a reasonable doubt that defendant had time for deliberation, premeditation and the promptings of malice, within the meaning of the criminal law; that these were all elements of the felonious act, and that defendant was not in real or apparent danger from Teeter when the fatal shot was fired. In this view of the evidence every right of defendant was protected by the trial court. Under a correct charge the jury were free to acquit defendant on the ground of self-defense, or to find him guilty of manslaughter, or of murder in the second degree, or of murder in the first degree. On sufficient evidence he was found guilty of murder in the first degree, but the death penalty was not imposed. There is no error in the record.

AFFIRMED.